UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-18N,<br><br>Plaintiff,<br><br>v.<br><br>DARYL C. CHANG, SR., CHERI D. CHANG,<br><br>Defendants. | No. 2:19-cv-00820-TLN-DB<br><br>**REMAND ORDER** |

This matter is before the Court pursuant to Defendants Daryl C. Chang, Sr. and Cheri D. Chang's (hereafter, "Defendants") Notice of Removal Under 28 U.S.C. § 1446, filed on May 9, 2019. (ECF No. 1.) Defendants simultaneously filed a motion to proceed *in forma pauperis*. (ECF No. 2.) For the reasons set forth below, the Court REMANDS this case to the Superior Court of California, County of San Joaquin (ECF No. 1), and GRANTS Defendant's motion to proceed without payment of costs (ECF No. 2).

///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2018, Plaintiff U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-18N (hereafter, "Plaintiff"), purchased the real property located at 3938 Zeally Lane, Stockton, California, 95206 at a trustee's foreclosure sale. (ECF No. 1 at 15.) Plaintiff served Defendants with a three-day notice to quit the premises in early September 2018. (ECF No. 1 at 22–25.) Plaintiff thereafter filed a Verified Complaint for Unlawful Detainer on September 14, 2018 in the Superior Court of California for the County of San Joaquin (hereafter, "Complaint"), which was assigned the case number STK-CV-LUDRF-2018-11549. (ECF No. 1 at 15–16.)

Defendants filed the instant notice of removal on May 9, 2019. (ECF No. 1 at 1.) The accompanying Civil Cover Sheet explicitly asserts that the Court's jurisdiction to hear the removed unlawful detainer action rests on diversity jurisdiction. (ECF No. 1 at 30.) Defendants' removal notice also appears to raise the argument that the Court has federal question jurisdiction over the removed action by operation of the Seventh Amendment. (*See, e.g.*, ECF No. 1 at 2.) A short-form application to proceed *in forma pauperis* accompanied Defendant's notice of removal. (ECF No. 2.)

## II. STANDARD OF LAW

Civil actions originally brought in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending," so long as "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Of course, one category of cases over which the federal district courts have original jurisdiction is that set of cases presenting a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)); *see also Vaden v. Discover Bank*, 556 U.S. 49, 54 (2009) (restating "the established rule that federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim"). At the same time, federal question jurisdiction can also exist where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Another category of cases over which the federal district courts have original jurisdiction is that set of cases where (i) the matter in controversy exceeds $75,000 exclusive of interest and costs, and (ii) the controversy is between citizens of different states. 28 U.S.C. § 1332(a). Where it is "not facially evident from the complaint that more than $75,000" is in controversy, a defendant seeking to invoke a district court's diversity jurisdiction is required to prove by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam)).

Finally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). Indeed, district courts strictly construe the removal statutes against removal jurisdiction because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "[T]he defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

///

**III.     ANALYSIS**

      A.      <u>Federal Question Jurisdiction</u>

            *i.*      *Well-Pleaded Complaint Rule*

Pursuant to the well-pleaded complaint rule, the Court must look to the face of the Complaint in order to determine whether it presents a federal question that would establish the Court's subject-matter jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392. The right to relief relied upon in the Complaint arises under section 1161a of California's Code of Civil Procedure. (ECF No. 1 at 15.) That section of state law provides that after certain approved sales of real property have been duly perfected, "a person who holds over and continues in possession of . . . real property after a three-day written notice to quit the property has been served upon the person . . . may be removed therefrom." Cal. Civ. Proc. Code § 1161a. This is the sole statutory basis upon which the Complaint relies for the relief it requests; no federal law or statute is present on the face of the Complaint. (*See* ECF No. 1 at 15–16.)

Accordingly, to the extent Defendants rely on federal question jurisdiction to establish the removability of Plaintiff's unlawful detainer action, the face of the Complaint demonstrates that such removal is improper because this Court is without jurisdiction to hear a claim predicated entirely upon state law. *See Caterpillar Inc.*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

            *ii.*      *Seventh Amendment*

Defendants' removal notice contains at least two passing references to the Seventh Amendment. (*See* ECF No. 1 at 2 (stating that Defendants "hereby remove this action . . . due to the Original Jurisdiction Granted to Article III District Court of the United States, and the 7[th] Amendment mention any controversy over Twenty Dollar shall be Govern pursuant to the rules of the Common law [sic]"); ECF No. 1 at 3 (arguing roughly the same).) The Seventh Amendment to the U.S. Constitution, of course, provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII.

As best the Court can ascertain, Defendants argue that the Seventh Amendment's

guarantee of a jury trial for certain civil suits means that this Court has jurisdiction over the instant case because the amount in controversy is more than twenty dollars. (*See* ECF No. 1 at 2.) As set forth above, though, the Seventh Amendment is not facially implicated in the Complaint (*see* ECF No. 1), which means that federal question jurisdiction could only be proper if Defendants show that the Seventh Amendment issue they raise is "actually disputed and substantial," *Grable & Sons*, 545 U.S. at 314. Defendants have not done so because they utterly fail to explain how the Seventh Amendment's guarantee of a jury trial in certain civil cases has any bearing on the state law dispute outlined in the Complaint. The dispute involves whether Defendants are entitled to occupy the real property located at 3839 Zeally Lane in Stockton. *See id.* at 314–15 (holding that state-law property rights dispute warranted federal jurisdiction where the state law at issue required the plaintiff to demonstrate compliance with a federal tax statute as an element of its claim). Stated another way, Defendants have not carried their "burden of establishing that removal is proper," *Gaus*, 980 F.2d at 566 (citing *Nishimoto*, 903 F.2d at 712 n.3; *Emrich*, 846 F.2d at 1195), because their cursory argument does not come close to establishing that any purported Seventh Amendment issue raised by the Complaint is "actually disputed and substantial," *Grable & Sons*, 545 U.S. at 314, let alone that the meaning of the Seventh Amendment is "an essential element of" Plaintiff's unlawful detainer claim, *id.* at 315.

        B.        Diversity Jurisdiction

Applying many of these same principles, the Court also concludes that Defendants fail to establish that the Court may properly assert diversity jurisdiction over Plaintiff's underlying unlawful detainer action. *See Caterpillar Inc.*, 482 U.S. at 392 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). This is because it is "not facially evident from the complaint that more than $75,000" is in controversy, and Defendants are required to prove by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold in order to invoke the Court's diversity jurisdiction. *Valdez*, 372 F.3d at 1117 (quoting *Matheson*, 319 F.3d at 1090).

As set forth in the Complaint, Plaintiff claims damages "in the amount of $48.96 for each day Defendants occupy the Premises from the expiration of the Notice to Quit through entry of

judgment," in addition to costs of suit. (ECF No. 1 at 16.) The Notice to Quit expired on or around September 7, 2018. (*See* ECF No. 1 at 16 (alleging that Plaintiff served the Notice to Quit on September 4, 2018, and that more than three days elapsed since that service without Defendants quitting the premises).) By the Court's rough calculation, this means that approximately nine months have elapsed during which Plaintiff claims damages at the rate of $48.96 per day, yielding a liberal estimate of approximately $13,000 in damages accrued to date.[1] This is clearly far below the $75,000 threshold required to invoke the Court's diversity jurisdiction, and leads to the inescapable conclusion that it is "not facially evident from the complaint that more than $75,000" is in controversy in this case. *Valdez*, 372 F.3d at 1117 (quoting *Matheson*, 319 F.3d at 1090).

Accordingly, it is Defendants' burden to demonstrate the propriety of diversity jurisdiction by a preponderance of the evidence. *Id.* Defendants, however, provide no such evidence whatsoever. (*See* ECF No. 1 at 1–7.) The Court must therefore conclude that it is without diversity jurisdiction to hear the removed unlawful detainer action. *See Caterpillar Inc.*, 482 U.S. at 392 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

### IV. CONCLUSION

For the reasons set forth above, the Court REMANDS this action to the Superior Court of California, County of San Joaquin. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court does, however, GRANT Defendants' motion to proceed *in forma pauperis* (ECF No. 2).

IT IS SO ORDERED.

Dated: June 21, 2019

Troy L. Nunley
United States District Judge

---

[1] The Court's rough mathematical calculation is as follows: $48.96 per day multiplied by thirty days per month multiplied by nine months = $48.96 x 30 x 9 = $13,219.20.